IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>    Plaintiff,<br><br>vs.<br><br>MARIA ROJAS AND ENRIQUE HERNANDEZ, AND JOHN DOE/JANE DOE/OCCUPANT,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO REMAND<br><br><br><br>Case No. 2:13-CV-86 TS |

      This matter is before the Court on Plaintiff's Motion to Remand. Through its Motion, Plaintiff seeks to have this case remanded to the Second Judicial District Court of the State of Utah. Plaintiff also seeks an award of all costs and attorney fees incurred in contesting removal. Defendants, who are proceeding pro se, have not responded to the Motion. For the reasons stated below, the Court will grant in part and deny in part the Motion.

I. BACKGROUND

The following facts are taken from Plaintiff's Complaint.[1]  On or about March 12, 2008, Jorge Sabata executed and delivered a trust deed to secure his performance under a trust deed note.  The trust deed covered real property located at 6223 South Waller Lane, West Jordan, Utah (the "Property").  Jorge Sabata defaulted in performing the provisions of the trust deed and note.  Pursuant to a Notice of Default and Election to sell, and a Notice of Sale, the Property was sold to Plaintiff at a Trustee's sale on December 7, 2012.

Defendants have allegedly occupied the Property since December 7, 2012, as tenants at will.  Plaintiff served Defendants with Notices to Quit on December 15, 2012.  The Notices informed Defendants that Plaintiff had elected to terminate the tenancy at will and notified Defendants that their failure to vacate the Property within ninety days would result in their being in unlawful detainer.  Defendants allegedly failed to vacate and yield possession of the Property to Plaintiff.

II.  DISCUSSION

A.   JURISDICTION

Plaintiff filed its Complaint with the Second Judicial District Court on December 31, 2012.  On February 7, 2013, Defendants filed a Notice of Removal, arguing that this Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.

---

[1]*See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal.").

Under § 1332(a)(1), district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."[2] However, a civil case that is removable solely on the basis of diversity jurisdiction, "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[3]

Here, Defendants are citizens of Utah, the same state in which Plaintiff brought its case. Furthermore, Defendants' diversity claim is the only basis upon which Defendants assert this Court has jurisdiction.[4] As a result, 18 U.S.C. § 1441(b)(2) compels the remand of this matter.

This case also must be remanded because the amount-in-controversy requirement has not been met. The amount in controversy is calculated as of the date of removal.[5]

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the "underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000]."[6]

---

[2] 28 U.S.C. § 1332(a)(1).

[3] *Id.* § 1441(b)(2).

[4] Although not argued by Defendants, the Court notes that this Court also lacks federal-question jurisdiction over this case.

[5] *Klutts Equip., Inc. v. Redstick, Inc.*, 2009 WL 1955314, at *2 (E.D. Okla. 2009).

[6] *Laughlin*, 50 F.3d at 873 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)); *see McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) ("[T]he defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that made it *possible* that $75,000 was in play . . . .").

"When a case is originally brought in federal court, the plaintiff's claimed amount is presumed to support diversity jurisdiction. The same is not true, however, when the case has been removed from state court."[7]

> In a removed case, unlike a case instituted in federal court, the plaintiff chose a state rather than federal forum. Because the plaintiff instituted the case in state court, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end."[8]

"Thus in a removed case, '[t]he defendant's claim that the amount in controversy exceeds [$75,000] does not enjoy the . . . presumption of accuracy that the plaintiff's does.'"[9]

In this case, the Complaint requests (1) an order requiring Defendants to vacate the Property, (2) triple the fair market rental value of Plaintiff's Property for every month Defendants remain at the Property beyond the expiration of the Notice to Quit; and (3) "any damages occasioned to the plaintiff as a result of the defendants' unlawful detention of the . . . Property."[10] The Notice to Quit was set to expire on March 15, 2013, ninety days from December 15, 2012. Thus, as of February 7, 2013—the date the Complaint was filed—Plaintiff had incurred no damages for unlawful detainer. Additionally, Defendants have failed to introduce evidence showing that Plaintiff's consequential damages exceed $75,000. Accordingly, Defendants have

---

[7]*Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001) (internal citation omitted).

[8]*Id.* at 1290 (alteration in original) (quoting *Singer v. State Farm. Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997)).

[9]*Id.* (quoting *Singer*, 115 F.3d at 376) (first alteration in original).

[10]Docket No. 3-3, at 7.

failed to meet their burden of producing facts supporting the assertion that more than $75,000 is in play in this case.

In their Notice of Removal, Defendants argue that because the Property is valued at $165,661, the amount-in-controversy requirement is satisfied. However, the Property's value is not at issue in this case because Plaintiff seeks only its lost rent and any consequential damages. As Defendants have failed to demonstrate that these alleged damages exceed $75,000, the amount-in-controversy requirement is not met and this case must be remanded.

B.   ATTORNEY FEES

Pursuant to 28 U.S.C. § 1447, Plaintiff also requests its costs and attorney fees incurred in remanding this case. "The language of § 1447 directs that the award of attorney's fees rests squarely within the discretion of the district court when a remand is ordered."[11]

In the exercise of its discretion, the Court declines to award Plaintiff costs and fees in this case. While Plaintiff's efforts and resources in contesting the removal are not trivial, neither do they appear to be overly burdensome. Furthermore, although this matter must be remanded, Defendants, who are proceeding pro se, appear to have believed they had reasonable grounds for removal.

III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Remand (Docket No. 6) is GRANTED IN PART AND DENIED IN PART.

---

[11] *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004).

The Clerk of the Court is directed to remand this matter to the Third District Court for Salt Lake County, State of Utah, West Jordan Department, and close this case forthwith.

DATED   May 14, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge